UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  v.<br><br>LAWRENCE LEE WILLIAMS,<br><br>      Defendant. | NO. 2:20-CR-0127-TOR-2<br><br>ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE |

  BEFORE THE COURT is Defendant's pro se Motion for Compassionate Release. ECF No. 92. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendant's Motion for Compassionate Release is denied.

## BACKGROUND

  On April 29, 2021, Lawrence Lee Williams appeared before the Court and entered a plea of guilty to Count 1 of the Indictment filed on October 21, 2020, charging him with Conspiracy to Possess with the Intent to Distribute 50 Grams or More of Actual (Pure) Methamphetamine, in violation of 21 U.S.C. §§ 841, 846.

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 1

ECF Nos. 54, 56.

On May 27, 2021, this Court sentenced Defendant to a 72-month term of imprisonment followed by a 5-year term of supervised release. ECF No. 67. Defendant was remanded to the custody of the United States Marshal for transport to the Bureau of Prisons. *Id*.

On June 14, 2023, Defendant filed his *pro se* motion for compassionate release. ECF No. 92. Defendant complains of his medical condition and the need for professional medical treatment. According to the Bureau of Prisons, Defendant has a projected release date of March 16, 2025.

## DISCUSSION

**A. Eligibility for Compassionate Release**

Federal courts have the statutory authority to modify an imposed term of imprisonment for two reasons: compassionate release under 18 U.S.C. § 3582(c)(1) or based on a change in the sentencing guidelines under 18 U.S.C. § 3582(c)(2). Until recently, motions for compassionate release could only be brought to the Court by the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2002). However, after the December 2018 passage of the First Step Act, defendants may now bring their own motions for compassionate release after exhausting administrative remedies within the Bureau of Prisons or by waiting 30 days after

receipt of their request by the warden of defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

A defendant may be eligible for compassionate release: (1) if the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction; or (2) if the defendant is at least 70 years old, has served at least 30 years in prison pursuant to a sentence imposed for the offense for which the defendant is currently imprisoned, and the defendant is determined not to pose a risk of danger to the community. 18 U.S.C. § 3582(c)(1)(A). Under either eligibility prong, the Court must also find that a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553 when deciding a motion for compassionate release, and that the Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act. U.S.S.G. § 1B1.13.

**B. Exhaustion or Lapse of 30 days**

Defendant has not shown that he exhausted his administrative remedies by filing his request with the warden and appealing the denial of his request. Thus, the Court cannot grant Defendant's motion according to the governing statute.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motion for Compassionate Release, ECF No. 92, is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to the parties (including Defendant at the Lompoc U.S. Penitentiary).

DATED June 27, 2023.



THOMAS O. RICE
United States District Judge